1  ERIC J. AMDURSKY (S.B.N. 180288)
   eamdursky@omm.com
2  ADAM G. LEVINE (S.B.N. 200522)
   alevine@omm.com
3  CHELSEA D. RAITEN (S.B.N. 277682)
   craiten@omm.com
4  O'MELVENY & MYERS LLP
   2765 Sand Hill Road
5  Menlo Park, CA  94025
   Telephone:  (650) 473-2600
6  Facsimile:   (650) 473-2601

7  Attorneys for Defendant
   Jay R. Simon
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11
   GLOBAL MEDICAL SOLUTIONS,        Case No. CV12-04686 MMM (JCx)
12 LTD and HSB HOLDINGS,
                                    **STIPULATION AND**
13              Plaintiffs,         **PROTECTIVE ORDER**
                                    **CONCERNING CONFIDENTIAL**
14       v.                         **INFORMATION**

15 JAY R. SIMON,                    **[CHANGES MADE BY COURT TO**
                                    **PARAGRAPH 9]**
16              Defendant.

17

18       WHEREAS Plaintiffs Global Medical Solutions, Ltd. and HSB

19 Holdings and Defendant Jay R. Simon are conducting discovery in connection with

20 the above-captioned action;

21       WHEREAS the parties desire, by entering into this Stipulation and

22 Protective Order, to protect the unauthorized disclosure of confidential information

23 that would be detrimental to the legitimate commercial or privacy interests of the

24 parties, and that may need to be disclosed to adversary parties in connection with

25 discovery;

26       IT IS THEREFORE STIPULATED AND AGREED THAT:

27       1.    Any Party (herein used to refer individually to plaintiffs, defendant,

28

1   and any other party who later appears in this action as a plaintiff or defendant and

2   becomes bound by the terms of this Protective Order) or non-party may designate

3   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any portions of any

4   testimony, documents, records or tangible things – and any copies, abstracts,

5   excerpts or analyses thereof – given, used, served or produced by the Party or non-

6   party in connection with this action, including without limitation in response to

7   formal discovery demands or subpoenas or in compliance with the initial disclosure

8   requirements prescribed by Federal Rules of Civil Procedure 16 and 26(a), that the

9   designating Party or non-party in good faith believes to contain, reflect, regard, or

10  disclose any trade secret, confidential, private, personal or proprietary information.

11  The Parties agree that the HIGHLY CONFIDENTIAL designation should be used

12  only to protect the disclosing party from the type of irreparable competitive or

13  commercial injury which could result from disclosing previously non-public,

14  proprietary or confidential information to a direct competitor, or an individual

15  affiliated with a direct competitor.

16          2.      A Party or non-party that inadvertently fails to mark an item as

17  CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time it is given, used,

18  served or produced may correct its failure in writing, accompanied by substitute

19  copies of each item, container or folder, appropriately marked as CONFIDENTIAL

20  or HIGHLY CONFIDENTIAL , provided such writing and substitute copies are

21  served no later than the discovery cutoff.  Once substitute copies have been

22  provided, all copies of the inadvertently unmarked item, container or folder shall be

23  destroyed or returned to the producing Party or non-party.

24          3.      No CONFIDENTIAL or HIGHLY CONFIDENTIAL information

25  shall be made public by the receiving Party or divulged to anyone other than as set

26  forth herein.  Absent a specific order by the Court or if the designating Party

27  otherwise agrees, once designated as CONFIDENTIAL or HIGHLY

28  CONFIDENTIAL , such materials and information shall be used by the Parties

OMM_US:71200146.2

1    solely in connection with this litigation, and not for any other purpose whatsoever,

2    or in any other action, arbitration, hearing, dispute, tribunal or proceeding, for any

3    reason whatsoever.

4         4.    CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated by

5    each receiving Party as confidential unless and until the Court rules to the contrary

6    or the designating Party agrees otherwise.  Unless and until the Court rules or the

7    designating Party otherwise agrees, and except as set forth in Paragraph 5 herein,

8    materials designated as CONFIDENTIAL shall be limited to the following persons,

9    subject to the qualification provisions contained in 4.f herein:

10        a.    the Court and those employed by the Court;

11        b.    each of the named Parties to the litigation who has, through that

12              Party's respective counsel, signed this Stipulation and Protective

13              Order (or who has accepted the terms of this Stipulation and

14              Protective Order by the execution of Exhibit A hereto), including

15              any representative of the Party (officers, directors, partners,

16              employees) assisting in the prosecution or the defense of the

17              litigation, and such Party's counsel, including the clerical,

18              secretarial, and paralegal staff employed by such counsel;

19        c.    court reporters and employees of court reporters engaged by

20              counsel to record and transcribe testimony in this litigation, and

21              translators engaged for any purpose in the litigation;

22        d.    experts and consultants assisting in the prosecution or the defense

23              of the litigation, plus their clerical and secretarial staff;

24        e.    authors or recipients of CONFIDENTIAL information; and

25        f.    persons from whom testimony is taken or is to be taken in the

26              litigation, either in a deposition or at trial, and their counsel,

27              provided that CONFIDENTIAL information may be disclosed to

28              such persons only in the course of his or her testimony or

- 3 -         STIPULATION AND PROTECTIVE ORDER

1  preparation for such testimony, and that such person shall not

2  retain such CONFIDENTIAL information after his or her

3  testimony is concluded unless he or she executes a Confidentiality

4  Acknowledgement in the form attached as Exhibit A hereto.

5  Materials designated as HIGHLY CONFIDENTIAL shall be limited to attorneys

6  actively working on this case (including any in-house counsel for any of the Parties

7  and their respective outside counsel), as well as those identified in the foregoing

8  sub-paragraphs 4.a., c., d., e. and f.

9      5.    Should any non-party serve a subpoena calling for the production of

10  any CONFIDENTIAL or HIGHLY CONFIDENTIAL information on any Party or

11  counsel for a Party who has received such information, the subpoenaed party in

12  such instance shall, within 5 business days, provide notice to the Party that

13  designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL via

14  e-mail or facsimile.  It shall be the obligation of the designating Party, prior to the

15  response date on the subpoena, to seek a protective order or any other appropriate

16  relief from the Court if the designating Party wishes to maintain the confidentiality

17  of the material.  A designating Party that fails to seek judicial relief to preclude the

18  disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information in

19  response to a subpoena shall be deemed to have waived any claim of confidentiality

20  with respect to such material.

21      6.    In the case of depositions, if counsel for a Party believes that a portion

22  or all of the deposition constitutes CONFIDENTIAL or HIGHLY

23  CONFIDENTIAL information, counsel may so state on the record and may request

24  that the specific pages which include such CONFIDENTIAL or HIGHLY

25  CONFIDENTIAL information be included in a separate sealed portion of the

26  transcript.  The reporter shall be instructed to include on the cover page of each

27  sealed portion the legend:  "This transcript portion contains information subject to a

28  Protective Order and shall be used only in accordance therewith."

7.     When testimony designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is (or is sought to be) elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulation and Protective Order shall be excluded from the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL on the record at the deposition may do so within ten (10) court days following mailing of the transcript by the Court reporter to that counsel.  Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL or HIGHLY CONFIDENTIAL information and directing the reporter to place that portion under seal as provided in Paragraph 6 herein.

8.     In the event a Party wishes to file any CONFIDENTIAL or HIGHLY CONFIDENTIAL information with the Court for any purpose, to the extent practicable, that Party will inform the Party that designated the materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL so that the designating Party can consider whether to withdraw its confidentiality designation.  If the designating party does not withdraw the confidentiality designation, the Party wishing to file the CONFIDENTIAL or HIGHLY CONFIDENTIAL information with the Court must submit such designated materials under seal in conformance with Central District Local Rule 79-5 and any other relevant rules and procedures of this Court.  The Parties agree that such use of designated materials does not compromise the designated status of such information, and the Parties agree that any designating Party may seek to have such information maintained by the Court as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

9.     The Parties recognize that a party intending to file documents or materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by another party may not have information sufficient to support the application to file

STIPULATION AND PROTECTIVE ORDER

OMM_US:71200146.2

1    under seal.  Consistent with Central District Local Rule 79-5, the filing Party will

2    need to include such an application with its submission, but the designating Party

3    shall bear the burden of establishing to the Court's satisfaction the confidentiality of

4    any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL,

5    including why it believes the information must be sealed and that it will suffer

6    prejudice or harm if the material is not granted the protection of being filed under

7    seal.  While the designating Party may provide any material to the Court in support

8    of the application to file under seal not later than three (3) full court days after the

9    application is filed, nothing in this Stipulation and Protective Order shall be

10   construed to limit the Court's ability to act upon the application at any time it

11   deems appropriate.

12       10.    If a Party fails to file CONFIDENTIAL or HIGHLY

13   CONFIDENTIAL information under seal pursuant to Central District Local Rule

14   79-5, any person who in good faith believes that filing under seal is required to

15   protect its interests may move the Court to seal the CONFIDENTIAL or HIGHLY

16   CONFIDENTIAL information within ten (10) court days of learning of the

17   allegedly defective filing.  Notice of such motion shall be given to all Parties.  The

18   Clerk shall seal the disputed part of the filing until the Court rules on the motion.

19       11.    The acceptance by a Party of CONFIDENTIAL or HIGHLY

20   CONFIDENTIAL information shall not constitute an admission or concession or

21   permit an inference that the CONFIDENTIAL or HIGHLY CONFIDENTIAL

22   information is, in fact, confidential or highly confidential.  Should any Party object

23   in good faith to such designation, that Party may notify the designating Party or

24   Parties in writing of such objection, specifying the basis thereof.  The Parties shall

25   then negotiate in good faith to attempt to resolve their dispute regarding the

26   confidentiality of the subject materials.  Should such meet-and-confer effort fail, the

27   designating Party may then make a motion to this Court for a protective order

28   covering the designated information.  The designating Party shall bear the burden of

- 6 -          STIPULATION AND PROTECTIVE ORDER

OMM_US:71200146.2

establishing the confidentiality of any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The information which is the subject of such dispute shall continue to be treated as confidential subject to this Stipulation and Protective Order for a period of ten (10) court days following written notice of objection unless a motion for a protective order is filed within that time, in which case the information shall be treated as confidential pending the outcome of such motion.  In the absence of such a motion, the documents or information shall not be treated as confidential upon the expiration of ten (10) court days after written notice of objection.

12.     Nothing in this Stipulation and Protective Order shall be construed as a waiver of the right of any Party to object to the taking or the admissibility of any testimony or other evidence where such an objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

13.     If during document production, the producing Party inadvertently produces a document entitled to protection under the attorney-client privilege, the attorney work product doctrine, or other provisions of applicable law:  (a) the Parties agree that the erroneous or inadvertent production shall not constitute a waiver of such protection as to either the subject matter of the material or as to related documents or communications; and (b) the producing Party may request the return of the inadvertently produced document at any time before the commencement of trial, but no more than ten (10) court days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.  Any such request shall be made in writing, and shall identify the basis for the claimed protection.  If the Party (or Parties) that received the inadvertently produced document agrees that the document is entitled to protection (without regard to its inadvertent production), all copies of the inadvertently

STIPULATION AND PROTECTIVE ORDER

1  produced document shall be returned to the producing Party or destroyed, and no

2  reference to such document shall be made in discovery, at trial, or any other

3  manner.  If the Parties do not agree that the document is entitled to protection, the

4  burden is on the producing Party to file an appropriate motion with the Court within

5  twenty (20) court days after the document is first marked as a deposition exhibit,

6  identified as a potential trial exhibit, or otherwise identified by any Party in any

7  pleading or correspondence served on all Parties to this action.

8       14.    This Stipulation and Protective Order shall not prevent a Party from

9  applying to the Court for relief from this Order or any of its terms or provisions, or

10  from applying to the Court for further or additional protective orders.

11      15.    Nothing in this Stipulation and Protective Order shall preclude any

12  person or entity from disclosing or using, in any manner or for any purpose, any

13  information or document if that information or document is lawfully obtained from

14  a third party under no obligations of confidentiality with respect thereto and having

15  the right to disclose such information.  Nothing in this Stipulation and Protective

16  Order shall preclude any person or entity from disclosing or using, in any manner

17  or for any purpose, any information or document if that information or document is

18  publicly available.

19      16.    In the event that additional persons become parties to this action, they

20  shall not have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL

21  information produced by or obtained from any Party or nonparty until the newly

22  joined party or their counsel confirms in writing to all other Parties that they have

23  read this Protective Order and agree to be bound by its terms.

24      17.    The restrictions on use of CONFIDENTIAL and HIGHLY

25  CONFIDENTIAL information set forth in this Stipulation and Protective Order

26  shall survive the conclusion of this litigation and, after conclusion of this litigation,

27  the Court shall exercise limited jurisdiction for the purpose of enforcing this

28  Stipulation and Protective Order.

1      18.    Within thirty (30) days after the final termination of this action,

2  counsel for the receiving Party shall return all copies of the CONFIDENTIAL and

3  HIGHLY CONFIDENTIAL information to counsel for the designating Party, or

4  shall, at the option of the receiving Party, destroy such CONFIDENTIAL and

5  HIGHLY CONFIDENTIAL information, and certify in writing that said destruction

6  has occurred to counsel for the designating Party.

7      19.    The terms of this Stipulation and Protective Order shall be effective

8  and binding upon a party upon the signature of its counsel below.

9

10

11  Dated: March 21, 2013          McCABE & HOGAN P.C.

12

13                                 By: _____/s/ Daniel P. Hogan_____

14                                       Daniel P. Hogan
                                 Attorneys for Plaintiffs GLOBAL

15                                MEDICAL SOLUTIONS, LTD and HSB

16                                HOLDINGS

17  Dated: March 21, 2013          O'MELVENY & MYERS LLP

18

19                                 By:    _____/s/ Eric J. Amdursky_____

20                                    Eric J. Amdursky
                                 Attorneys for Defendant JAY R. SIMON

21

22  Dated: March 21, 2013          MOODY & WARNER, P.C.

23

24                                 By:    _____/s/ Christopher M. Moody_____

25                                    Christopher M. Moody
                                 Attorneys for Defendant JAY R. SIMON

26

27

28

1

2

### <u>ORDER</u>

3    Pursuant to the foregoing Stipulation, as modified, and for good cause shown, IT

4    IS SO ORDERED.

5    Dated:  May 23, 2013                    _____/s/_____

6                                            Honorable Jacqueline Chooljian
                                            United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OMM_US:71200146.2

1

**EXHIBIT A**

2

**UNITED STATES DISTRICT COURT**

3

**CENTRAL DISTRICT OF CALIFORNIA**

4

5  GLOBAL MEDICAL SOLUTIONS,
   LTD and HSB HOLDINGS,

6                        Plaintiffs,

7         v.

8  JAY R. SIMON,

9                        Defendant.

Case No. CV12-04686 MMM (JCX)

**CONFIDENTIALITY
ACKNOWLEDGMENT**

10

11         I, _____, hereby acknowledge and declare that:

12         1.     I have received a copy of the Stipulation and Protective Order in

13  this action.  I have carefully read and understand the provisions of the Stipulation

14  and Protective Order.

15         2.     I will comply with all of the provisions of the Stipulation and

16  Protective Order.  I will hold in confidence, will not disclose to anyone not

17  qualified under the Stipulation and Protective Order, and will use only for purposes

18  of this litigation (and not for any other purpose, including any business,

19  competitive, or governmental purpose or function), any CONFIDENTIAL and

20  HIGHLY CONFIDENTIAL information, including the substance and any copy,

21  summary, abstract, excerpt, index or description of such material that is disclosed to

22  me.

23         3.     I will return all CONFIDENTIAL and HIGHLY

24  CONFIDENTIAL information[INSERT SPACE]that comes into my possession,

25  and all documents and things that I have prepared relating thereto, to counsel for the

26  Party by whom I am employed or retained or from whom I received such material,

27  when requested by such counsel to do so.

28         4.     I understand that if I violate the provisions of the Stipulation and

OMM_US:71200146.3

Protective Order, I may be subject to sanctions by the Court and the Parties, or any one of them, may assert other remedies against me.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Stipulation and Protective Order in this action.

          5.     My address is: _____.

          6.     My relationship to this case and the Parties thereto is: _____
_____
_____.

          I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____           _____

                                     (Signature)

                                     _____

                                     Print Name and Title

- 2 -       CONFIDENTIALITY ACKNOWLEDGMENT